IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CASEY MULLINS, et al. | * |
|     Plaintiffs | * |
| vs. | *   Civil Action No.: WDQ-02-CV-1634 |
| BALTIMORE CITY, MARYLAND, et al. | * |
|     Defendants | * |

### CONSENT MOTION TO ALLOW AMENDED COMPLAINT – ADDITION OF ONE (1) DEFENDANT

The Plaintiffs, Casey Mullins and Jeremy Mullins, through counsel, H. Jeffrey Tabb, move this Honorable Court to grant an Order allowing the Amendment of the Complaint to add one (1) Defendant; and for their cause state as follows:

1. This Court has previously extended the discovery deadline with the express purpose of allowing the Plaintiffs to identify the officers involved in the Plaintiffs' Complaint.

2. After taking five (5) depositions, and speaking with a witness to the event, the Plaintiffs are now able to identify one (1) other police officer as having used physical force on the Plaintiffs as alleged in the Complaint.

3. The officer is identified as **Officer Gills.**

4. A copy of the proposed Amended Complaint is attached as **Exhibit #1.**

Wherefore, the Plaintiffs, Casey and Jeremy Mullins, respectfully request that this Honorable Court grant an Order allowing the Plaintiffs to Amend the Complaint to add as Defendant, **Officer Gills**, and further request that this Honorable Court grant an Order extending the discovery deadline as it deems appropriate and to issue a new Scheduling Order, and for such further relief the Court deems appropriate.

*Respectfully submitted*

*_____/s/_____*
*H. Jeffrey Tabb, Esquire*
*8955-A Edmonston Road*
*Greenbelt, Maryland 20770*
*(301) 441-3636*
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

*I hereby certify that on this 22 day of May, 2003, a copy of the foregoing was mailed postage prepaid to: Howard B. Hoffman, Esquire, 601 E. Fayette Street, Baltimore, Maryland 21202.*

*_____/s/_____*
*H. Jeffrey Tabb*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CASEY MULLINS, et al. | * |
|     Plaintiffs | * |
| vs. | *  Civil Action No.: WDQ-02-CV-1634 |
| BALTIMORE CITY, MARYLAND, et al. | * |
|     Defendants | * |

## ORDER

UPON CONSIDERATION of the foregoing **Consent Motion to Allow Amended Complaint - Addition of One (1) Defendant** filed by the Plaintiffs, it is this _____ day of _____, 2003, by the United States District Court for the District of Maryland ,

ORDERED, that the Plaintiffs' Motion to Amend Complaint is granted.

 

*Honorable William D. Quarles,*
*United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CASEY MULLINS, et al. | * |
| Plaintiffs | * |
| vs. | *  Civil Action No.: WDQ-02-CV-1634 |
| BALTIMORE CITY, MARYLAND, et al. | * |
| and | * |
| BALTIMORE CITY POLICE DEPT.<br>601 Fayette Street<br>Baltimore, Maryland 21202 | *<br><br>* |
| and | * |
| **OFFICER GILLS**<br>**1900 Aragon Avenue**<br>**Baltimore, Maryland 21215** | *<br><br>* |
| OFFICER JAN ROLLON | * |
| and | * |
| OFFICER THOMAS DUGAN | * |
| and | * |
| UNKNOWN POLICE OFFICERS<br>Baltimore City Police Department | *<br><br>* |
| Defendants | |

### PLAINTIFFS' AMENDED COMPLAINT FOR ASSAULT AND BATTERY, FALSE ARREST, AND DEPRIVATION OF CONSTITUTIONAL AND STATUTORY CIVIL RIGHTS

The Plaintiffs, Casey Mullins and Jeremy Mullins, through counsel, H. Jeffrey Tabb in this Amended Complaint, bring suit against the Defendants Baltimore City Maryland, **Officer Gills,** Officer Jan Rollon, Officer Thomas Dugan, and unknown Baltimore City Police Officers, and states for his cause of action as follows:

## PARTIES AND STATEMENT OF FACTS

1. The Plaintiffs, Casey Mullins and Jeremy Mullins (hereinafter referred to as "Mullins") are citizens of the United States and a resident of Charles County, Maryland and Prince George's County, Maryland, respectively.

2. The Defendants, **Officer Gills,** Officer Jan Rollon, Officer Thomas Jugan and other unknown Baltimore City Police Officers (hereinafter referred to as "Officers"), upon information and belief, are citizens of the United States and residents of Baltimore, Maryland and are sued both individually and in their official capacity as officers of the Baltimore City Police Department, an agency of the Defendant, Baltimore City, who, at all times relevant to this complaint, were acting under color of law and within the scope of their employment.

3. The Defendant, Baltimore City (hereinafter referred to as "the City") is a municipal corporation which governs the Baltimore City Police Department (hereinafter referred to as "Department") pursuant to the laws of Baltimore City, and, as such, has the ultimate responsibility for the management, operation and control of the Department, including, but not limited to, the promulgation of all orders, rules regulations, policies and instructions relating to hiring, training, discipline, supervision and control, as well as those orders, rules, regulations, policies and instructions relating to the law of probable cause, arrest, manner of arrest, and use of force in making an arrest.

4. On May 19, 2001, Casey Mullins, Jeremy Mullins, and a friend were walking through the tunnel existing the Pimlico Race Track.

5. The friend believed that a Baltimore City Police Officer had spoken to him and stopped and asked "what"?

6. The police officer responded "don't get smart with me, I'll smack the s—t out of you".

7. The friend asked the policeman for his name and badge number; the policeman hit the friend in the face and called on his radio for assistance.

8. Almost immediately, numerous Baltimore City Police Officers ran into the tunnel and knocked both Casey and Jeremy Mullins to the ground.

9. Both Casey and Jeremy had been standing near their friend while the above stated exchange took place with the initial police officer.

10. Once on the ground, a police officer put his knee in Jeremy's back and he was struck with a baton about his face and shoulders.

11. Jeremy heard one officer say "let me get some of that" as he was beaten by several officers.

12. Casey Mullins was also struck in his head, back and ribs with batons by several officers.

13. Both, Casey and Jeremy were each escorted out of the tunnel; and one officer said "you sure got your asses beat".

14. No one was arrested or charged with any criminal conduct.

15. While still at the Pimlico Race Track, the Mullins attempted to find the officers' superior officer, but were not able to reach him; they also asked the officers for their name and badge number, but were told to leave or they would be arrested.

16. **The Defendant, Officer Gills proceeded to repeatedly physically strike the Plaintiff, Jeremy Mullins about his head and body.**

17.    The Defendant, Officer Thomas Jugan proceeded to repeatedly strike the Plaintiff, Casey Mullins with his fists.

18.    The Defendant, Officer Jan Rollon proceeded to repeatedly strike the Plaintiff, Jeremy Mullins with a baton like weapon.

## COUNT I
### (Violation of State Constitutional Rights)

19.    All facts set forth in paragraphs 1-18 are incorporated herein.

20.    The officers' actions in knocking the Plaintiffs to the ground and beating them constitute a seizure under Articles 24 and 26 of the Maryland Declaration of Rights.

21.    The above named and other unknown officers used unjustified, unreasonable, and excessive force in the course of said seizure, violating the Plaintiffs' rights under Articles 24 and 26 of the Maryland Declaration of Rights.

22.    As a direct and proximate cause of the aforesaid violation of rights under the Maryland Declaration of Rights, the Plaintiffs suffered physical injury, incurred medical expenses, mental suffering and humiliation.

23.    The aforesaid acts were intentional and done with malice.

24.    As stated above, all facts were done within the scope of the unknown officers employment.

Wherefore, the Plaintiffs, Casey Mullins and Jeremy Mullins each respectively request judgment for compensatory damages of One Hundred Thousand Dollars ($100,000.00), punitive damages of One Hundred Thousand Dollars ($100,000.00), jointly and severally, against the Defendants, **Officer Gills,** Officer Jan Rollon, Officer Thomas Jugan and other unknown Baltimore City Police Officers, and for such further relief the Court deems appropriate.

## Count II
### (Battery)

25. The facts set forth in paragraphs 1-18 are incorporated herein.

26. The blows inflicted with the baton, hands, feet and the knees to the back constitute and an actionable battery committed upon the Plaintiffs in that the use of said force was without justification and excessive.

27. The aforesaid actions were intentional and done with malice.

28. As a direct and proximate cause of said battery, the Plaintiffs suffered physical injury, incurred medical expenses, mental suffering, and humiliation.

29. As stated above, all acts were done within the scope of the unknown officers employment.

Wherefore, the Plaintiffs, Casey Mullins and Jeremy Mullins each respectively request judgment for compensatory damages of One Hundred Thousand Dollars ($100,000.00), punitive damages of One Hundred Thousand Dollars ($100,000.00), jointly and severally, against the Defendants, **Officer Gills,** Officer Jan Rollon, Officer Thomas Jugan and other unknown Baltimore City Police Officers, and for such further relief the Court deems appropriate.

## Count III
### (Violation of Federal Constitutional Rights – 42 U.S.C. Section 1983)

30. All facts set forth in paragraphs 1-18 are incorporated herein.

31. The intentional, reckless, unjustifiable and outrageous battery by the Officers, as aforesaid, violated and deprived Mullins of rights, privileges and immunities secured by the Constitution and laws of the United States for which the Officers are individually liable pursuant to the mandates of 42 U.S.C. 1983. These rights are

*guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, which include but are not necessarily limited to the following:*

    a.    *Freedom from unreasonable search and seizure by the unlawful and unjustifiable use of force.*

    b.    *Freedom from deprivation of liberty without due process of law or upon probable cause that a crime had been committed.*

32.    *As a direct and proximate cause of said violation of rights the Plaintiffs suffered physical injury, incurred medical expenses, mental anguish and humiliation.*

*Wherefore, the Plaintiffs, Casey Mullins and Jeremy Mullins, each respectively request judgment against Defendants,* **Officer Gills,** *Officer Jan Rollon, Officer Thomas Jugan, and other unknown Baltimore City Police Officers for compensatory damages in the amount of One Hundred Thousand Dollars ($100,000.00), attorney fees as allowed by law, litigation expenses, and costs.*

                              *Respectfully submitted,*

                              _____/s/_____
                              *H. Jeffrey Tabb*
                              *8955-A Edmonston Road*
                              *Greenbelt, Maryland 20770*
                              *(301) 441-3636*
                              *Attorney for Plaintiffs*

### DEMAND FOR JURY TRIAL

*Plaintiff demands a jury trial as to all issues triable by jury.*

                              _____/s/_____
                              *H. Jeffrey Tabb*