IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CASEY MULLINS, ET AL.          *

    PLAINTIFFS                 *

V.                             *    CASE NO. L 02 CV 1634

BALTIMORE CITY, MARYLAND,      *
    ET AL.
                               *
    DEFENDANTS
_____/

MOTION FOR LEAVE TO FILE A REPLY
TO PLAINTIFF'S CONSENT MOTION TO ALLOW AMENDED COMPLAINT

The Baltimore Police Department ("BPD"), as the employing agency and next friend of the Defendants known in the above-captioned matter as "Unknown Police Officers," respectfully requests that this Court grant the BPD leave to file a reply to Plaintiff's Consent Motion To Allow Amended Complaint ("Second Amended Complaint"), and in support thereof states as follows:

1. Plaintiffs' filed their first amended Complaint (Amended Complaint I) on February 24, 2003.

2. On May 22, 2003, Plaintiffs filed "Consent Motion To Allow Amended Complaint – Addition of One (1) Defendant," seeking to file their second amended complaint ("Amended Complaint II").

3. However, before Plaintiffs' filed Amended Complaint II, in early May the BPD accepted service on behalf of the two officers named

in Amended Complaint I. Whereupon, these officers were appointed "outside counsel."

4. It was the understanding of the Office of Legal Affairs that outside counsel would respond to Amended Complaint II.

5. A misunderstanding obviously occurred, as the undersigned has just learned today that no reply was been filed by the due date of June 9, 2003.

6. The BPD now respectfully seeks permission to briefly respond to Amended Complaint II.

7. Any failure to respond to Amended Complaint II was inadvertent, and the result of excusable error. Furthermore, the ends of justice would be furthered by the granting leave to file a reply to Plaintiffs' Amended Complaint II only **three days** after the date the response was due.

WHEREFORE, Defendants pray that this Court grant Defendant BPD's Motion for Leave to File A Reply to Plaintiff's Amended Complaint II, and allow the filing of the attached Reply.

Respectfully submitted,

_____
Peter Saar, Esq., Bar # 26666
Deputy Legal Counsel

                                      /s/ *(signature)*

                              Howard B. Hoffman, Esq.
                              Associate Solicitor
                              Office of Legal Affairs
                              Baltimore Police Department
                              242 W. 29th Street
                              Baltimore, Maryland 21211
                              Telephone: (410) 396-2496
                              Facsimile:  (410) 396-2126

June 12, 2003

## Certificate of Service

I hereby certify that on this 12th day of June, 2003, a copy of Defendant Baltimore Police Department's Motion for Leave to File A Reply to Plaintiff's Consent Motion to Allow Amended Complaint – Addition of One (1) Defendant, was filed in accordance with the Electronic Filing Requirements and Procedures as established by the U.S. District Court for the District of Maryland, with a paper copy sent via U.S. regular mail, postage paid, to the following:

H. Jeffrey Tabb, Esq.
8955-A Edmonston Road
Greenbelt, Maryland 20770
*Attorney for Plaintiffs*

_____
Howard B. Hoffman, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASEY MULLINS, ET AL. | * | |
| PLAINTIFFS | * | |
| V. | * | CASE NO. L 02 CV 1634 |
| BALTIMORE CITY, MARYLAND, ET AL. | * | |
| | * | |
| DEFENDANTS | | |

BALTIMORE POLICE DEPARTMENT'S REPLY
TO PLAINTIFF'S CONSENT MOTION TO ALLOW AMENDED COMPLAINT

The Baltimore Police Department ("BPD"), as the employing agency and next friend of the Defendants known in the above-captioned matter as "Unknown Police Officers," responds as follows to Plaintiff's Consent Motion To Allow Amended Complaint - Addition of One (1) Defendant ("Second Amended Complaint"), and in support thereof states as follows:

I.  **Facts**

This case arises from an alleged incident in the infield of Preakness, between the Plaintiffs and police officers of the Baltimore Police Department.

Originally, the Plaintiffs could only name "unknown police officers." After being given a reasonable amount of discovery by this Court, Plaintiffs filed their first Amended Complaint on February 24, 2003, naming two police officers as party Defendants.

Per Judge Legg's handwritten instruction contained in the Order dated March 10, 2003, the parties jointly agreed to an amended scheduling order on April 10, 2003.

The amended scheduling order provided the Plaintiffs with the opportunity to obtain further discovery and name additional parties. Plaintiffs have now filed a Second Amended Complaint, naming an additional police officer as a Defendant. In addition, Plaintiffs seek to extend the discovery deadline yet again, although they have engaged in no discovery since the last extension. It is not clear whether they seek to extend the time to join additional parties, although it may be presumed.

## II. Standard of Review

A party may move for leave to amend his complaint pursuant to Rule 15(a) and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The general standard in making this determination is:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Lanford v. P.G. County, Md. et al., 199 F.Supp.2d 297, 300 (D. Md. 2002) (citation omitted).

Fed. R. Civ. P. 16(b) governs modifications to a scheduling order. It provides: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." After all, a scheduling order " 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' " Odyssey Travel Center, Inc. v. Ro Cruises, Inc., Civ. No. DKC 2002-0032, 2003 U.S. Dist. LEXIS 8657, * 38 (D. Md. May 9, 2003) (citation omitted).

### III. Argument

1. As Next Friend, the BPD does not object to Plaintiffs' Second Amended Complaint, insofar as it names one (1) additional police officer as a Defendant. This appears to be permitted by the amended scheduling order and the standards set forth under Fed. R. Civ. P. 15(a), supra.

2. However, Plaintiffs have had an adequate opportunity to discover the identity of additional "unknown police officers," beyond the three (3) officers already named. Plaintiffs either cannot do so or they have failed to exercise reasonable diligence through the course of discovery.

3. Therefore, the BPD objects to any amendment to the scheduling order that would allow the joinder of additional police officers as Defendants.

4. In support of its objection, the BPD notes that Plaintiffs have failed to demonstrate that good cause exists to modify the scheduling order. See Fed. R. Civ. P. 16(b).

WHEREFORE, Defendants pray that this Court deny Plaintiff's Consent Motion to Allow Amended Complaint – Addition of One (1) Defendant, insofar as it requests an extension of the discovery deadline so as to join additional Defendants.

Respectfully submitted,

/s/ Peter Saar
Peter Saar, Esq.
Deputy Legal Counsel

/s/ Howard B. Hoffman
Howard B. Hoffman, Esq.
Associate Solicitor
Office of Legal Affairs
Baltimore Police Department
242 W. 29th Street
Baltimore, Maryland 21211
Telephone: (410) 396-2496
Facsimile:  (410) 396-2126

June 12, 2003

## Certificate of Service

I hereby certify that on this 12th day of June, 2003, a copy of Defendant Baltimore Police Department's Reply to Plaintiff's Consent Motion to Allow Amended Complaint - Addition of One (1) Defendant, was filed in accordance with the Electronic Filing Requirements and Procedures as established by the U.S. District Court for the District of Maryland, with a paper copy sent via U.S. regular mail, postage paid, to the following:

H. Jeffrey Tabb, Esq.
8955-A Edmonston Road
Greenbelt, Maryland 20770
*Attorney for Plaintiffs*

_____
Howard B. Hoffman, Esq.