IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CASEY MULLINS, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: L-02-CV-1634 |
| OFFICER THOMAS JUGAN, et al. | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*

### **<u>DEFENDANT THOMAS JUGAN'S ANSWER TO COMPLAINT</u>**

Defendant, Thomas Jugan, Defendant, hereby answers the Complaint of Plaintiffs and states his affirmative defenses as follows:

1. Defendant lacks the knowledge and information sufficient to form a belief as to whether Plaintiffs were residents of Maryland and all relevant times in their Complaint.

2. Defendant Thomas Jugan admits that he is citizen of the United States and resident of Baltimore, Maryland. Defendant denies the remaining allegations contained in paragraph 2 of the Plaintiffs' Complaint.

3. Defendant Jugan believes that the Defendant Baltimore Police Department is a Municipal or state agency. No answer is required as to the balance of the paragraph, as it contains a legal conclusion.

4. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 4 are true.

5. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 5 are true.

6. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 6 are true.

7. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 7 are true.

8. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 8 are true.

9. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 9 are true.

10. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 10 are true.

11. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 11 are true.

12. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 12 are true.

13. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 13 are true.

14. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 14 are true.

15. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 15 are true.

16. Denied.

17. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 17 are true.

18. No answer required.

19. Paragraph 19 is a legal conclusion, no answer is required; but to an extent an answer is required, paragraph 19 is denied.

20. Paragraph 20 is a legal conclusion, no answer is required; but to an extent an answer is required, paragraph 20 is denied.

21. Paragraph 21 is a legal conclusion, no answer is required; but to an extent an answer is required, paragraph 21 is denied.

22. Paragraph 22 is a legal conclusion, no answer is required; but to an extent an answer is required, paragraph 22 is denied.

23. Paragraph 23 is a legal conclusion, no answer is required; but to an extent an answer is required, paragraph 23 is denied.

24. No answer required.

25. Paragraph 26 is a legal conclusion, no answer is required; but to the extent an answer is required, paragraph 26 is denied.

26. Paragraph 27 is a legal conclusion, no answer is required; but to the extent an answer is required, paragraph 27 is denied.

27. Paragraph 28 is a legal conclusion, no answer is required; but to the extent an answer is required, paragraph 28 is denied.

28. No answer required.

29. As paragraph 30 is a legal conclusion, no answer is required; but to the extent an answer is required, paragraph 30 is denied.

30. As paragraph 31 is a legal conclusion, no answer is required; but to the extent an answer is required, paragraph 31 is denied.

## AFFIRMATIVE DEFENSES
## PRIMARY DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some, if not all, of the Plaintiffs' claims are barred by the doctrine of qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to establish all or at least some of the elements required to establish a *prima facie* case of discrimination or unlawful retaliation.

## FOURTH AFFIRMATIVE DEFENSE

Failure to exhaust administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

All or at least some of Plaintiffs' claim are time barred under the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims are preempted.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant has a legitimate, non-discriminatory and/or non-retaliatory reason in his treatment of the Plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

Some if not all of Plaintiffs' damages are caused by a third party over whom this Defendant has no power or control.

**NINTH AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care to prevent and to correct promptly any harassing or discriminating behavior and/or Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Baltimore Police Department to otherwise avoid harm.

Respectfully submitted,

_/s/_____
Troy A. Priest
Brown, Diffenderffer & Kearney, LLP
Tide Building B Suite 300
1010 Hull Street
Baltimore, Maryland 21230
(410) 296-9500

Attorneys for Defendant Thomas Jugan

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of July 2003, a copy of Defendant Thomas Jugan's Answer to Plaintiffs' Complaint electronically filed and mailed first-class, postage prepaid, to:

H. Jeffrey Tabb, Esquire
8955-A Edmonston Road
Greenbelt, Maryland 20770
**Attorney for Plaintiffs**

_/s/_____
Troy A. Priest

Case 1:02-cv-01634-WDQ    Document 34    Filed 07/08/2003    Page 7 of 7