IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CASEY MULLINS, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.:  L-02-CV-1634 |
| OFFICER THOMAS JUGAN, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

**DEFENDANT THOMAS JUGAN'S AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant, Thomas Jugan, Defendant, hereby files his answer to the Amended Complaint of Plaintiffs and states his affirmative defenses as follows:

1. Defendant lacks the knowledge and information sufficient to form a belief as to whether Plaintiffs were residents of Maryland and all relevant times in their Complaint.

2. Defendant Thomas Jugan admits that he is citizen of the United States and resident of Baltimore, Maryland.  Defendant denies the remaining allegations contained in paragraph 2 of the Plaintiffs' Complaint.

3. Defendant Jugan believes that the Defendant Baltimore Police Department is a Municipal or state agency.  No answer is required as to the balance of the paragraph, as it contains a legal conclusion.

4. Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 4 are true.

5. Defendant Jugan is without knowledge and information sufficient to form a belief as

to whether or not the allegations contained in paragraph 5 are true.

      6.     Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 6 are true.

      7.     Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 7 are true.

      8.     Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 8 are true.

      9.     Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 9 are true.

      10.     Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 10 are true.

      11.     Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 11 are true.

      12.     Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 12 are true.

      13.     Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 13 are true.

      14.     Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 14 are true.

      15.     Defendant Jugan is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 15 are true.

      16.     Denied.

      17.     Denied

18. Denied.

19. No answer required.

20. Paragraph 20 is a legal conclusion, no answer is required; but to an extent an answer is required, paragraph 20 is denied.

21. Paragraph 21 is a legal conclusion, no answer is required; but to an extent an answer is required, paragraph 21 is denied.

22. Paragraph 22 is a legal conclusion, no answer is required; but to an extent an answer is required, paragraph 22 is denied.

23. Paragraph 23 is a legal conclusion, no answer is required; but to an extent an answer is required, paragraph 23 is denied.

24. Paragraph 24 is a legal conclusion, no answer is required; but to an extent an answer is required, paragraph 24 is denied.

25. No answer required.

26. Paragraph 26 is a legal conclusion, no answer is required; but to the extent an answer is required, paragraph 26 is denied.

27. Paragraph 27 is a legal conclusion, no answer is required; but to the extent an answer is required, paragraph 27 is denied.

28. Paragraph 28 is a legal conclusion, no answer is required; but to the extent an answer is required, paragraph 28 is denied.

29. Paragraph 29 is a legal conclusion, no answer is required; but to the extent an answer is required, paragraph 29 is denied.

30. No answer required.

31. As paragraph 31 is a legal conclusion, no answer is required; but to the extent an

answer is required, paragraph 31 is denied.

32.  As paragraph 32 is a legal conclusion, no answer is required; but to the extent an answer is required, paragraph 32 is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant did not commit the wrongs alleged.

### SECOND DEFENSE

The injuries and/or damages of plaintiffs arose, if at all, as a result of their own actions.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of contributory negligence.

### FOURTH DEFENSE

To the extent that plaintiffs suffered any injuries, losses or damage as a result of the incident, if any at all, such were unavoidable.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

### SIXTH DEFENSE

If plaintiff was injured or damaged as alleged, which is expressly denied, it was not as a result of actions or inactions by a person for whom this defendant is legally liable or responsible.

### SEVENTH DEFENSE

Plaintiff's alleged injuries, if any at all, were the result of superseding, intervening and/or independent acts and/or omissions of third parties over whom this defendant did not and could not legally exercise any control.

**EIGHTH DEFENSE**

This defendant specifically denies that he could be liable to plaintiff for any claims set forth in his Complaint. If, however, this defendant could be found liable to either plaintiff on any theory of liability set forth in the Complaint, then such acts of this defendant were passive and not the proximate cause of any alleged injury sustained by either plaintiff.

**NINTH DEFENSE**

This defendant's actions were privileged as this defendant was performing lawful duties as a member of the Baltimore Police Department, and therefore, this defendant is entitled to a qualified privilege.

**TENTH DEFENSE**

The Complaint is barred by doctrine of governmental immunity, qualified immunity, common law and statutory immunity.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the applicable Statute of Limitations.

**TWELFTH DEFENSE**

Defendant acted in good faith and without malice.

**THIRTEENTH DEFENSE**

Defendant acted with probable cause.

**FOURTEENTH DEFENSE**

Defendant acted reasonably under the circumstances as the circumstances appeared to him at the time.

## FIFTEENTH DEFENSE

The Complaint is barred by the doctrine of laches.

## SIXTEENTH DEFENSE

Plaintiffs have failed to comply with the notice requirements under the State and Local Tort Claims Act.

## SEVENTEENTH DEFENSE

The Plaintiff's Ad Damnum clause in each count, exceeds that amount which is allowed to be awarded under the Local Government Tort Claims Act.

## EIGHTEENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

Respectfully submitted,

_____/s/_____
Troy A. Priest
Brown, Diffenderffer & Kearney, LLP
Tide Building B Suite 300
1010 Hull Street
Baltimore, Maryland 21230
(410) 296-9500

Attorneys for Defendant Thomas Jugan