IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CASEY MULLINS, ET AL.          *

   PLAINTIFFS               *

   V.                       *      CASE NO. WDQ 02 CV 1634

BALTIMORE CITY, MARYLAND,      *
   ET AL.
                        *

   DEFENDANTS
_____/

## BALTIMORE POLICE DEPARTMENT'S MOTION TO DISMISS ON BEHALF OF UNKNOWN POLICE OFFICERS

The Baltimore Police Department (BPD), as the employing agency and next friend of the Defendants known in the above-captioned matter as "unknown police officers," moves to dismiss this case as to the unknown police officers, and in support thereof, states as follows:

### I.   Summary of Argument

Because Plaintiffs are no longer permitted to name and add any additional unknown police officers as Defendants, as a matter of law all remaining unknown police officers made a party to this suit must now be dismissed from this case with prejudice.

### II.  Facts

Plaintiffs filed the instant lawsuit in the Circuit Court for Baltimore City, against Defendants Baltimore City and an unspecified number of "unknown police officers" of the BPD.  Plaintiffs allege that they were subject to an illegal battery by BPD police officers

while celebrating at "Preakness," and that this battery amounted to a deprivation of state and federal constitutional rights.

The instant case was removed to this Court.  On July 15, 2002, Defendant Baltimore City was dismissed by Order of this Court leaving only the unknown police officers as Defendants.

Since this time, Plaintiffs have engaged in discovery and have learned the identities of three of the unknown police officers. Plaintiffs have been permitted to amend their Complaint to name all three.

However, by virtue of this Court's Orders, the Plaintiffs are no longer permitted to name any remaining unknown police officers.

This is because, pursuant to an Amended Scheduling Order entered by this Honorable Court on or around April 10, 2003, Plaintiffs had until May 30, 2003 to name additional parties and amend their Complaint.  The time to name additional parties has obviously now passed.

To be sure, Plaintiffs' filed on May 22, 2003 a "Consent Motion to Allow Amended Complaint – Addition of One (1) Defendant," praying that this Honorable Court once again extend the discovery deadline.

But on June 12, 2003, the BPD replied to Plaintiffs' Consent Motion and opposed it only insofar as it sought an extension of the discovery deadline "so as to join additional Defendants."

On June 17, 2003, this Honorable Court entered an Order allowing the Plaintiffs' proposed Amended Complaint, but the Order did not specifically grant Plaintiffs' request to extend the discovery deadline.

## III. Legal Standard

As a general rule, the use of fictitious defendants is disfavored. Gillespie v. Civiletti, et al., 629 F.2d 637, 642 (9th Cir. 1980). However, there are circumstances where the identity of the alleged defendants will not be known until the filing of a complaint. Id. By and large, courts allow a plaintiff to be given an opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." See, e.g., Gillespie, 629 F.2d at 642; Kennington v. Officer David Carter, et al., 216 F.Supp.2d 856, 858 (S. Ind. 2002) (collecting case, and noting that "courts tend to have an eye toward dismissal of unnamed defendants, but afford varying degrees of latitude to plaintiffs attempting to discover the true identities of their alleged injurers.").

Nevertheless, fictitious named defendants must be dismissed, if discovery has yielded no identities. Atlantic Used Auto Parts, et al. v. City of Philadelphia, et al., 957 F.Supp. 622, 625 (E.D. Pa. 1997). Although not expressly covered by the Federal Rules of Civil

Procedure, federal courts rely on a variety of rule-based authority to dismiss fictitious parties. See Scheetz v. The Morning Call, Inc. et al., 130 F.R.D. 34, 36-37 (E.D. Pa. 1990) (Observing that Rule 10(a) requires that the names of parties be set forth in the complaint, otherwise the complaint is infirm and must be dismissed); see also Atlantic Used Auto Parts, 957 F.Supp. at 625 (Noting that Rule 21 allows courts to drop parties on "its own initiative at any stage of the action and on such terms as are just.")

## IV.  Argument

Given the posture of this case, undersigned counsel submits that Plaintiffs have had adequate time since the commencement of this lawsuit to learn the identities of the officers who they allege battered them and to name them as Defendants. At this stage of the litigation, Plaintiffs are barred from naming additional unknown police officers as Defendants. Maintaining the unknown police officers as Defendants in this case thus serves no purpose.

Accordingly, the BPD submits that the remaining unknown police officers must now be dismissed from this case as a matter of law. See Scheetz v. The Morning Call, 130 F.R.D. at 37 ("Fictitious parties must eventually be dismissed, if discovery yields no identities."). Due process problems would be created if this litigation continues to proceed in the absence of actual parties. See id.

## V. Conclusion

The BPD prays that this Court enter the attached Order, dismissing from this case all unknown police officers with prejudice.

Respectfully submitted,

Peter Saar, Esq., Bar #    26666
Deputy Legal Counsel

Howard B. Hoffman, Esq., Bar # 25965
Associate Solicitor
Office of Legal Affairs
Baltimore Police Department
242 W. 29th Street
Baltimore, Maryland 21211
Telephone: (410) 396-2496
Facsimile:  (410) 396-2126

August 25, 2003