```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

CASEY MULLINS, et al.           *

     Plaintiffs                 *

v.                              *     Case No: WDQ 02 CV 1634

BALTIMORE CITY, MARYLAND        *
         et al.
                                *

     Defendants                 *

*    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT BY DEFENDANT JAN ROLLON**

Defendant, Jan Rollon, by and through his undersigned counsel and pursuant to Rule 12(b)(6) and Rule 56 of the F.R.Civ.P., moves this Honorable Court to Dismiss Casey Mullins' Amended Complaint, which superceded his original Complaint, against the Defendant for failure to state a cause of action, and grant the Defendant summary judgment as to all counts in the Amended Complaint filed by both Plaintiffs. In support thereof, the Defendant reincorporates and repeats herein (to the extent applicable) his responses to Plaintiffs' Amended Complaint, and in addition thereto, states the following:

**INTRODUCTION**

At this juncture of the litigation, this case involves claims against two defendants, Officer Thomas Jugan and Officer Jan Rollon of the Baltimore Police Department.[1] It is alleged that both officers assaulted the plaintiffs, Casey and Jeremy Mullins, while both plaintiffs attended festivities at the Preakness Horse Races at the Pimlico Race Track. For the reasons that will be advance below, Officer Jan Rollon (hereinafter "Defendant") moves this Honorable Court to dismiss Casey Mullins' Complaint against him and further moves for summary judgment against both Plaintiffs.

**PROCEDURAL HISTORY**

On May 7, 2002 or May 8, 2002, the Plaintiffs' Complaint was removed from the Circuit Court for Baltimore City and docketed with the Clerk's office in the United States District Court for the District of Maryland. The Plaintiffs brought suit against the Baltimore Police Department, the Mayor & City Council of Baltimore, Officer Thomas Jugan and the Defendant. The Plaintiffs alleged that Officer Thomas Jugan and the Defendant violated their rights under 42 U.S.C. §1983, Articles 24 and 26 of the

---

[1] Officer Jan Rollon is no longer an employee of the Baltimore Police Department. After the filing of this lawsuit, Officer Rollon has moved to the state of Arizona.

2

Maryland Declaration of Rights, and committed a battery against them.

On May 8, 2002, the Mayor & City Council filed a Motion to Dismiss, and on May 31, 2002, this Honorable Court dismissed the Complaint against the Mayor & City Council without prejudice.  On February 23, 2003, the Plaintiffs filed an Amended Complaint with this Honorable Court naming the Defendant as one of the defendants involved in this action.  At some point, which is unclear from the docket entries, the Baltimore Police Department was either dismissed or voluntarily released from this suit.  Only Officer Thomas Jugan and the Defendant remain as defendants in this action.  Pursuant to the Pre-Trial Scheduling Order issued by this Honorable Court, dispositive motions are due by June 30, 2004.  In keeping with that Scheduling Order, the Defendant hereby files his Motion to Dismiss and Motion for Summary Judgment timely.

## FACTS

The material facts necessary for a proper resolution of these motions are not in material dispute.  On May 19, 2001, the Plaintiffs were attending the Preakness festivities at the Pimlico Race Track located in Baltimore Maryland.  As the Plaintiffs were leaving the event, a

3

friend of the Plaintiffs became involved in a verbal dispute with an unknown police officer.  As a result of the dispute, the Plaintiffs and the Plaintiffs' friend were assaulted and beaten by these unknown officers. (See Plaintiff's Amended Complaint, Paragraphs 8 – 13)  After the alleged assault, the Plaintiffs attempted to make a complaint and locate the officers' supervisor(s).  The Plaintiffs were told to leave or they would be arrested.  After being told to leave, the Plaintiffs allege that Officer Thomas Jugan proceeded to strike one of the plaintiffs, Casey Mullins, with his fist.  (See Plaintiff's Amended Complaint, Paragraph 16)  The Plaintiffs further allege that the Defendant proceeded to repeatedly strike one of the plaintiffs, Jeremy Mullins, with a baton like weapon.  (See Plaintiffs' Amended Complaint, Paragraph 17)  None of the Plaintiffs were ever charged with a crime.  For the foregoing reasons, the Defendant contends that Casey Mullins' Amended Complaint should be dismissed against him, and summary judgment should be granted in favor of the Defendant with respect to both Plaintiffs' Amended Complaint.

**ARGUMENT**

*Motion to Dismiss Casey Mullins' Amended Complaint against Jan Rollon*

In reviewing Casey Mullins' Amended Complaint, which superceded his original Complaint, pursuant to a Rule 12(b)(6) motion, this Honorable Court must accept all allegations of the Amended Complaint as true and must construe the facts and reasonable inferences derived from the Amended Complaint in the light most favorable to the Plaintiff. Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997).  A motion to dismiss under Rule 12(b)(6) may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Dow v. Jones, 232 F. Supp 2d. 491, 495 (D Md. 2002).

To the extent that Casey Mullins allege in his Amended Complaint that the Defendant herein violated his rights under 42 U.S.C. § 1983, Articles 26 and 24 of the Maryland Declaration of Rights, and committed a battery against him, that cause of action must be dismissed outright.  Nowhere in Casey Mullins' Amended Complaint does he set forth facts that would suggest the Defendant herein battered him, searched him, detained him, or caused any other person to batter him, search him, or detain him.  The facts alleged

5

by Casey Mullins are contained in Paragraphs four (4) through seventeen (17) of the Amended Complaint and in those facts, Casey Mullins alleged that he was physically battered by unknown officers and an officer other than the Defendant. Casey Mullins never alleged that the Defendant herein placed his hands on him or caused anyone else to place their hands on him. Thus, construing the facts as alleged by Casey Mullins in the light most favorable to him, there are absolutely no set of facts that would support a finding that the Defendant herein violated his rights under the claims asserted in the Amended Complaint. This Honorable Court must dismiss Casey Mullins' Amended Complaint against the Defendant.

*Motion for Summary Judgment in favor Of defendant Jan Rollon*

Pursuant to Rule 56 of the Fed.R.Civ.P, "summary judgment is granted when there is no genuine dispute as to any material fact, and if the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The facts and all reasonable inferences must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). If the plaintiff fails to adduce sufficient probative

6

evidence, then the court has "an affirmative obligation...to prevent 'factually unsupported claims..." from proceeding to trial." Felty v. Graves-Humphrey Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  "The mere existence of a scintilla of evidence in support of the [non-movant's]position will be insufficient." Liberty Lobby, 477 U.S. at 252.

In the case at bar, the Plaintiffs have failed to provide this Honorable Court with any probative evidence that support their claims that the Defendant violated any of their rights.  On February 10, 2003, the Plaintiffs and their counsel convened the depositions of five Baltimore Police Officers that could have possibly been involved in the alleged incident referenced in the Plaintiffs' Amended Complaint.  (See Exhibit # 1)  The purpose of the depositions was for the Plaintiffs to have the opportunity to identify the officers who were allegedly involved in the referenced incident.  (See Exhibit # 1)  The Plaintiffs and their witnesses were unable to identify the Defendant as being one of the officers involved in the incident.  (See Exhibit # 1)  The Plaintiffs identified one Caucasian officer during the deposition.  (See Exhibit # 1)  The Defendant herein is African American and no African American officers were identified as participants in the

7

alleged incident. (See Exhibit # 1) Moreover, the Defendant denies being involved in the alleged incident involving the Plaintiffs. (See Exhibit # 2) Thus, the Defendant contends that this Honorable Court has "an affirmative obligation...to prevent 'factually unsupported claims...'" from proceeding to trial." <u>Felty v. Graves-Humphrey Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). The Plaintiffs cannot maintain their claims against the Defendant if neither one of them can identify him as being one of the officers involved in the incident.

## **CONCLUSION**

WHEREFORE, based on the arguments presented above, the defendant, Officer Jan Rollon, moves this Honorable Court to dismiss Casey Mullins' Amended Complaint against him and further moves this Honorable Court for summary judgment against both Plaintiffs.

Respectfully submitted,

   /s/ Neal M. Janey   
Neal M. Janey
*Federal Bar No. 02285*

The Janey Law Firm P.C.
The Equitable Building
Suite 722
10 North Calvert Street
Baltimore, Maryland 21202
Telephone: (410) 783-7344
Facsimile: (410) 783-7342

8