IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CASEY MULLINS, et al.            *

      Plaintiffs               *

v.                            *      Case No: WDQ 02 CV 1634

BALTIMORE CITY, MARYLAND    *
        et al.

                             *

      Defendants               *

*     *     *     *     *     *     *     *     *     *     *     *

## JAN ROLLON'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT JAN ROLLON'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

Defendant Jan Rollon, by and through his undersigned counsel and pursuant to Local Rule 105, files this reply to Plaintiffs' response to Jan Rollon's Motion to Dismiss and/or Motion for Summary Judgment and in support of said reply, defendant Jan Rollon states the following:

1.    Jan Rollon hereby incorporates and re-states all arguments made in his Motion to Dismiss and/or Motion for Summary Judgment;

2.    In addition, Jan Rollon will point out to this Honorable Court that the Plaintiffs' Joint Response Motion and Memorandum does not remotely address Jan Rollon's arguments made in support of his Motion to Dismiss Casey Mullins' Complaint against him;

3.    To be clear, Jan Rollon affirmatively states that there are absolutely no facts alleged or inferences that can be drawn from the Plaintiffs' Joint Complaint in which this Honorable Court could conclude that plaintiff, Casey Mullins, has a cause of action against defendant Jan Rollon;

4.    All facts that were pled by the plaintiff, Casey Mullins, and evidence that was presented to this Honorable Court supports the conclusion that another person harmed plaintiff Casey Mullins;

5.    Jan Rollon respectfully requests that this Honorable Court grant his Motion to Dismiss and/or Motion for Summary Judgment as it pertains to Casey Mullins;

6.    Jan Rollon also respectfully requests that this Honorable Court grant his Motion for Summary Judgment as it pertains to plaintiff Jeremy Mullins;

7.    In Jeremy Mullins' response memorandum, he asserts that he has presented a prima facie case that Jan Rollon was the Baltimore Police Officer that violated his rights;

8.    Jeremy Mullins makes this assertion despite the uncontradicted and undisputed evidence that neither he nor any of his witnesses were able to identify Jan Rollon as one of the alleged perpetrators at the deposition which was

specifically convened for identification purposes; (See
Affidavit of Ira Fine previously submitted to this Court)

9.    Essentially, Jeremy Mullins argues that despite
the uncontradicted and undisputed evidence that neither he
nor his witnesses were able to identify Jan Rollon as the
alleged perpetrator, this Honorable Court should
nevertheless rule that he has presented a prima facie case
against Jan Rollon because his witness described the
officer who allegedly attacked Jeremy Mullins as a tall
black male in uniform; (See Jeremy Mullins' Response
Memorandum)

10.    Jeremy Mullins further asserts that Jon Rollon
was one of only two African American officers assigned to
work the tunnel area of the Preakness and because of that,
and the fact that the other African American officer
assigned to the tunnel area did not work, the alleged
perpetrator had to be Jan Rollon, despite the fact that Jan
Rollon could not be identified as the perpetrator during
deposition;

11.    Jan Rollon contends that Jeremy Mullins' has not
presented any evidence to this Honorable Court by way of
affidavit, neither from himself, his alleged witnesses, nor
anyone from the Baltimore Police Department, to support his
contention that Jan Rollon was only one of two African

American officers assigned to the tunnel area of the

Preakness;

12.   However, notwithstanding averment number eleven

(11) advanced above, Jan Rollon contends that even if he

was only one of two African American officers assigned to

work the tunnel area, that fact alone does not create a

prima facie case that Jan Rollon violated Jeremy Mullins'

rights despite the fact that he can not be identified as

the alleged perpetrator;

13.   Jeremy Mullins attempts to enter into evidence[1] a

copy of the roster sheet for Baltimore Police officers

working the Preakness detail and he attempts to enter Jan

Rollon's deposition testimony that he in fact worked the

detail and was assigned to the tunnel area;

14.   In response, Jan Rollon contends that the fact

that he worked the Preakness Detail and the tunnel area was

never in dispute;

15.   Jan Rollon contends that if this Honorable Court

accepts Jeremy Mullins' exhibits, then the undisputed

evidence contained in those exhibits supports Jan Rollon's

Motion for Summary Judgment;

---

[1] Jan Rollon is not sure whether the Court will accept Jeremy Mullins' exhibits since they were not
electronically filed and since Jeremy Mullins did not file a notice of intent to file lengthy exhibits with the
Court as required by the Local Rules.  To the extent that Jan Rollon is allowed to object to Jeremy Mullins'
exhibits, he does so at this time.  In the event that this Honorable Court accepts Jeremy Mullins' exhibits,
Jan Rollon's reply motion will address the exhibits accordingly.

16.   It is undisputed that those exhibits show that over fifty police officers worked the Preakness detail;

17.   And, although Jeremy Mullins' has alleged without evidence that Jan Rollon was the only African American officer assigned to the tunnel area, Jan Rollon contends that the undisputed evidence submitted by the Plaintiff shows that every police officer working the Preakness detail, which was over fifty officers, had the ability to pass through the tunnel area, not just those assigned to it;

18.   It is undisputed that neither Jeremy Mullins nor his eyewitnesses identified Jan Rollon as the person who violated Jeremy Mullins' rights;

19.   In sum, Jeremy Mullins is asking this Honorable Court to make Jan Rollon stand trial because he is a tall African American police officer who was in uniform and fits the description of the officer who allegedly struck Jeremy Mullins;

20.   Despite his inability to produce other evidence such as seeing an officer's name tag or producing evidence that the Plaintiff has fully excluded the other fifty plus officers working the Preakness detail, Jeremy Mullins is asking this Honorable Court to excuse the fact that Jan Rollon cannot be identified as the perpetrator but make Jan

Rollon stand trial because he fits the very vague and

general description of an African American officer who

allegedly violated Jeremy Mullins' rights;

    21.   Jan Rollon contends that the Plaintiff's

assertion and purported evidence at this phase of the

litigation is hardly evidence of a prima facie case;

    22.   Jan Rollon is entitled to summary judgment as a

matter of law with respect to Jeremy Mullins' claims

against him.

    WHEREFORE, based on the above averments in support of

Jan Rollons' reply, Jan Rollon respectfully requests that

this Honorable Court grant his dispositive motions filed in

this case.


                              Respectfully submitted,



                               /s/ Neal M. Janey
                              Neal M. Janey
                              *Federal Bar No. 02285*

                              The Janey Law Firm P.C.
                              The Equitable Building
                              Suite 722
                              10 North Calvert Street
                              Baltimore, Maryland 21202
                              Telephone: (410) 783-7344
                              Facsimile: (410) 783-7342

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CASEY MULLINS, et al.           *

    Plaintiffs               *

v.                              *       Case No: WDQ 02 CV 1634

BALTIMORE CITY, MARYLAND        *
       et al.

                                 *

    Defendants               *

*    *    *    *    *    *    *    *    *    *    *    *

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of August 2004, a true copy of Jan Rollon's Reply to Plaintiffs' Response to Jan Rollon's Motion to Dismiss and/or Motion for Summary Judgment was forwarded to Plaintiffs' counsel, H. Jeffery Tabb, via the electronic filing system established by the United States District Court for the District of Maryland.


                            __/s/ Neal M. Janey_____
                            Neal M. Janey