IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| CASEY MULLINS, et al., | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO.: WDQ-02-1634 |
| BALTIMORE CITY MARYLAND, A MUNICIPAL CORPORATION, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

Casey and Jeremy Mullins have sued several Baltimore City police officers for civil rights violations and battery. Pending is Officer Jan Rollon's motion to dismiss Casey Mullins's claims and/or for summary judgment on both Plaintiffs' claims. For the reasons discussed below, Rollon's motion for summary judgment will be granted.

BACKGROUND

On May 19, 2001, Preakness Day, Casey and Jeremy Mullins and a friend were walking through a tunnel toward the exit of the Pimlico Race Track. Am. Compl. ¶ 4. The Plaintiffs' friend thought that he had heard a Baltimore City police officer standing in the tunnel say something to him. *Id.* ¶ 5. The friend asked the officer, "what?" *Id.* The officer then cursed the friend. *Id.* ¶ 6. The friend asked the officer for

his name and badge number.  *Id.* ¶ 7.  The officer hit the friend in the face and called for backup.  *Id.*

Immediately thereafter numerous Baltimore City police officers rushed into the tunnel and knocked down Casey and Jeremy Mullins.  *Id.* ¶ 8.  When the Plaintiffs were on the ground, an officer put his knee in Jeremy's back and struck him on the face and shoulders with a baton.  *Id.* ¶ 10.  Casey Mullins was also struck in the head, back, and ribs by officers with batons.  *Id.* ¶ 12.

After the scuffle, Casey and Jeremy Mullins were escorted from the tunnel by police.  *Id.* ¶ 13.  While still at the track, the Plaintiffs tried to find the officers' supervisor, but were unable to do so.  *Id.* ¶ 15.  The Plaintiffs asked the officers for their names and badge numbers but were told to leave or be arrested.  *Id.*  Officer Thomas Dugan allegedly repeatedly beat Casey Mullins with his fists.  *Id.* ¶ 16. Officer Jan Rollon allegedly struck Jeremy Mullins with a baton.  *Id.* ¶ 17.

STANDARDS OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to

summary judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *Anderson*, 477 U.S. at 252.

## ANALYSIS

The Plaintiffs claim that Officer Rollon battered them

and used excessive force in the scuffle at Pimlico.

The Fourth Amendment prohibits police officers from using excessive force against free citizens. *Clem v. Corbeau*, 284 F.3d 543, 549-550 (4th Cir. 2002). To determine whether an officer has used excessive force, the court must examine whether the officer's actions were objectively reasonable in light of the facts and circumstances that he encountered at the scene. *Id.* at 550. Analyzing excessive force claims "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

The Plaintiffs contend that because a witness described a tall black male in uniform as one of the men who hit them, and Officer Rollon was the only man of that description assigned to the tunnel that day, Rollon must have been involved in the assault.

Sergeant Gary Klado, who supervised the units assigned to the tunnel, testified that his team had primary responsibility for escorting unruly people away from the track, through the tunnel and out the gate; he said that they escorted "a steady

stream of people" that day, and two to three officers were assigned to each person escorted from the park to ensure that there were no problems removing them. Klado Dep. 11-12. When the 10 officers assigned to the tunnel were busy, officers assigned to other areas of the track would help escort people through the tunnel. *Id.* at 11. Officers were not required to stay where they were assigned and were free to assist wherever they were needed. *Id.*

Officer Rollon testified that although he worked in the tunnel that day, he was not involved in an altercation with anyone and did not assist other officers in an altercation. Rollon Aff.

More than 50 officers were assigned to Pimlico on Preakness Day. See Pls.' Ex. 2 (Preakness Duty Roster). According to Sergeant Klado, any one of them could have been involved in the incident in the tunnel. That Officer Rollon was the only black male assigned to the tunnel that day is insufficient to counter his denial that he used excessive force against the Plaintiffs. The Plaintiffs' battery claim against Officer Rollon fails for the same reason.

## CONCLUSION

Because the Plaintiffs failed to adduce more than a scintilla of evidence that Officer Rollon battered them or

5

used excessive force against them, Officer Rollon's motion for summary judgment will be granted.

| _November 16, 2004_ | _____/s/_____ |
|---|---|
| Date | William D. Quarles, Jr.<br>United States District Judge |