IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASEY MULLINS, et al. | * | |
| Plaintiffs, | * | |
| | * | Civil Action No.: 1-02-CV-1634 |
| v. | | |
| OFFICER THOMAS JUGAN, et al. | * | |
| Defendants. | * | |

## PROPOSED PRETRIAL ORDER

The Plaintiffs, Casey and Jeremy Mullins, provide the following Pretrial Statement:

E.   Plaintiffs' Statement of Facts in Support of Claims

While in the tunnel exiting Pimlico, Tony Sistas spoke with Defendant Jugan. Sistas heard Jugan say something but was not sure if he was speaking to Sistas. Sistas said "what?". Defendant Jugan said, "Don't get smart with me or I'll smack the s--t out of you."

Sistas asked for Defendant Jugan's badge number and name. Defendant Jugan reached over the rail and slapped Sistas on the side of his face, and saw Defendant Jugan speak into what appeared to be a radio. Several officers rushed into the tunnel and Sistas, Jeremy and Casey Mullins were knocked to the ground, beaten and escorted out of the tunnel.

About one half hour later, he attempted to learn the name of the supervising police officer. He asked a police officer who told him, Lieutenant Blair, and was given Lieutenant Blair's number, but could not get a hold of him; but Sistas spoke with a female police officer.

After attempting to speak with Lieutenant Blair, Sistas asked the police officers in front of the tunnel for their names and badge numbers. He was told to leave or he would be arrested. One officer took his handcuffs out and Sistas walked away.

Charlie Valane and Tanya Kelly both were present when Sistas asked for the supervisor and was told to leave or he would be arrested.

Both Casey and Jeremy Mullins heard Defendant Jan Rollon say "you sure got your ass beat." Robert Goble witnessed the entire battery. He saw Defendant Jugan and other unknown repeatedly strike Casey Mullins with his hand. He saw Defendant Jan Rollon repeatedly strike Jeremy Mullins with a stick or baton like object and other unknown officers also beat Jeremy Mullins.

Robert Goble picked up either Jeremy's, Casey's or Tony Sistas' shoes left in the tunnel as they were escorted/carried out.

The use of force was clearly excessive since there was no basis to use any force at all.

Plaintiff alleges the following causes of action:

- · Violation of Articles 24 and 26 of the Maryland Declaration of Rights (Count I).
- · Violations of 42 U.S.C. §1983 by Defendant Thomas Jugan (Count III).
- · Battery by Defendant Jugan as an employee of the Baltimore City Police Department (Count II).

**B.** **Defendants' Statement of Facts**

On or about May 19, 2001, Preakness Day, Casey and Jeremy Mullins and a friend, Tony Sistas, claim that they were walking in a tunnel toward the exit of the Pimlico Race Track. The Plaintiffs' friend alleges to have heard Defendant Jugan say something to him. When the friend inquired as to what was said, it is alleged that the Defendant cursed him. When the friend asked the Officer Jugan for his name and badge number the friend alleges that the Defendant struck him in the face.

Immediately thereafter it is alleged that several Baltimore City police officers rushed into the tunnel and knocked the Plaintiffs down. Allegedly the officers were responding to a call made by Officer Jugan. Finally, Officer Jugan is alleged to have struck Casey Mullins.

Officer Jugan specifically denies the substance of Plaintiff's allegations against him, and denies that he either verbally or physically assaulted Plaintiffs or any other person.

**C.**     **Required Amendments to the Pleadings**

No amendments to the pleadings are required at this time.

**D.**     **Issues to be Abandoned**

No issues in the pleadings are to be abandoned at this time.

**E.**     **Plaintiffs' Stipulations of Fact**

Plaintiffs request that the Defendants stipulate to the timely notice of the claim to, and that the Defendant was on the job for Baltimore City at the time of the incident and that the Defendant was acting under color of state law.

**F.**     **Defendant's Stipulations of Fact**

Defendant requests that the other stipulate to the authenticity and admissibility of documents on their respective, though yet-to-be-exchanged, exhibit lists.

Defendant requests that the Plaintiffs stipulate that they suffered no permanent injury as a result of this incident.

Defendant requests that Plaintiffs stipulate that all of his actions were done within the scope of his employment as a member of the Baltimore Police Department and were done without malice.

Defendant requests that Plaintiffs both admit that if they were injured, such injury was caused by a third person other than Defendant, especially in the case of Jeremy Mullins.

G.   **Damages Claimed or Other Relief Sought**

Plaintiffs seek an award of damages in the amount of One Hundred Thousand Dollars ($100,000.00) in compensatory damages and One Hundred Thousand Dollars ($100,000.00) in punitive damages for Defendant's alleged violations of 42 U.S.C. §1983, battery, and alleged violation of Articles 24 and 26 of the Maryland Declaration of Rights.

H.   **Exhibit List**

· **Plaintiffs' Exhibits**

1. Roster of officers on duty at the Preakness in 2001.
2. Letter to Internal Affairs.
3. Photographs of Mullins following the incident.

· **Defendant's Exhibits**

None.

I.   **Witness List**

· **Plaintiffs' Witnesses**

Casey Mullins, Plaintiff – 4699 Leonardtown Road, Forrest Park, Maryland 20601
Jeremy Mullins, Plaintiff – 4699 Leonardtown Road, Forrest Park, Maryland 20601
Robert Goble – 8117 Woodview Road, Ellicott City, Maryland 21043
Tony Sistas – 7015 Christian Loop, Ft. Meade, Maryland 20755
Tanya Kelly – 1900 Oregon Drive, Baltimore, Maryland
Charlie Valane – To be provided
Sargeant Gary Klado – To be provided

· **Defendant's Witness List**

Officer Thomas Jugan
Detective Jan Rollon
Officer Malik Jenkins-Bey
Sergeant Gary Klado
Tony Sistas
Charlie Valane
Tanya Kelly
Robert Goble

**J.** **Expert Witnesses**

Mr. Charles J. Key
P.O. Box 80
Brownsburg, VA 24415

Mr. Key is a consultant in Police Use of Force and Police Procedures and Policies.

**K.** **Deposition Designations**

· **Plaintiffs' Deposition Designations**

Plaintiffs intend to introduce Defendant Jugan's deposition taken February 10, 2003, pages 4-14.

· **Defendant's Deposition Designations**

Officer Malik A. Jenkins-Bey, pages 1-8.
Detective Jan Rollon, pages 1-13.
Officer Edward Petrucci, pages 1-12.
Sergeant Gary Klado, pages 1-16.

**L.** **Other Pretrial Relief**

None.

Respectfully submitted,


/s/ H. Jeffrey Tabb
H. Jeffrey Tabb, P.C.
8955-A Edmonston Road
Greenbelt, Maryland 20770
(301) 441-3636

*Attorney for Plaintiffs*


/s/ Troy A Priest
Troy A. Priest
Tide Building B, Suite 300
1010 Hull Street
Baltimore, Maryland 21230
(410) 296-8500

*Attorney for Defendant Thomas Jugan*


**READ AND APPROVED**

**DATE:** _____          _____
                                     Hon. William D. Quarles, Jr.
                                     United States District Court
                                        for the District of Maryland