IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASEY MULLINS, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: l-02-CV-1634 |
| OFFICER THOMAS JUGAN, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT THOMAS JUGAN'S
QUESTIONS TO BE SUBMITTED ON VOIR DIRE**

Summary of Facts

On or about May 19, 2001, Preakness Day, Casey and Jeremy Mullins and a friend, Tony Sitas, claim that they were walking in a tunnel toward the exit of the Pimlico Race Track. The Plaintiffs' friend alleges to have heard Defendant Jugan say something to him. When the friend inquired as to what was said, it is alleged that the Defendant cursed him. When the friend asked the Officer Jugan for his name and badge number the fried alleges that the Defendant struck him in the face.

Immediately thereafter it is alleged that several Baltimore City police officers rushed into the tunnel and knocked the Plaintiffs down. Allegedly the officers were responding to a call made by Officer Jugan. Finally, Officer Jugan is alleged to have struck Casey Mullins.

Officer Jugan specifically denies the substance of Plaintiff's allegations against him, and denies that he either verbally or physically assaulted Plaintiffs or any other person.

1. Has any member of the panel any knowledge, from any source, about the incident involving the parties to this action?

2. Does any member of the panel know, or is a member of the panel a friend of, or have any knowledge of, the parties to this action: Plaintiffs Casey Mullins and Jeremy Mullins and Defendant Thomas Jugan?

3. Does any member of the panel know, or is a member of the panel a friend of, or have any knowledge of, the following persons:

Casey Mullins
Jeremy Mullins
Thomas Jugan
Jan Rollon
Malik Jenkins-Bey
Gary Klado
Tony Sistas
Charlie Valane
Tanya Kelly
Robert Goble

4. Plaintiffs, Casey and Jeremy Mullins are represented by Harold Jeffrey Tabb. Does any member of the panel know Mr. Tabb or this law firm or been represented or opposed by them?

5. Defendant, Thomas Jugan is represented by Troy Priest and the law firm of Brown and Sheehan, LLP. Does any member of the panel know Mr. Priest or this law firm or been represented or opposed by them?

6. Has any member of the panel, or any close friend or relative, ever been a plaintiff, or called as a witness by a plaintiff, in any civil action against a police officer?

7. Has any member of the panel, or any close friend or relative, ever been arrested, detained, or charged with any offense by any police officer?

8.  Does any member of the Jury panel, or his or her immediate family, have a bias against police officers?

9.  Does any member of the Jury panel or his/her immediate family feel that a police officer is automatically liable for injuries or damages sustained by anyone who claims that their rights were violated?

10. Is there any member of this Jury who by reason of any education, training or experience may have some knowledge with respect to when and under what circumstances a police officer may determine that probable cause exist to arrest a person?

11. Is there any member of this Jury who by reason of any education, training, or experience may have some knowledge with respect to the procedures the police must follow when arresting a suspect?

12. Is there any member of this Jury who by reason of any education, training, or experience may have some knowledge with respect to when the police can arrest a suspect without a warrant?

13. Has any member this Jury, his/her immediate family or a close personal friend ever been detained or arrested by a police officer under circumstances which caused you to form the belief that the arrest or detention was improper in any way?

14. Is there any member of this Jury personally witnessed any act of a police officer in which you formed a belief that the officer's actions were unreasonable or unnecessary?

15. Has any member of the panel, or any close friend or relative, ever made a complaint against any police officer?

16. Has any member of the Jury panel, or his or her immediate family, ever been a party to a

lawsuit alleging police misconduct?

17. Has any member of the panel formed any preconceived notions about the general validity of claims of police misconduct?

18. Has any member of the panel formed any preconceived notions with regard to the Baltimore City Police Department specifically?

19. Has any member of the panel read any newspaper or magazine accounts or seen or heard any radio or television reports concerning alleged misconduct or improper practices by the Baltimore City Police Department?

20. Has any member of the panel read any newspaper or magazine accounts or seen or heard any radio or television reports concerning alleged misconduct or improper practices by members of any police department?

21. Has any member of the panel or close friend or relative ever been a member of, or affiliated with, any voluntary organization which investigates complaints or allegations of police officers to police departments or which styles itself a civil liberties organization?

22. Have you, or has any member of your family or any close friend ever held a job in (a) law enforcement; (b) a government agency; (c) the state or local police; or (d) a federal law enforcement agency such as the F.B.I. or the D.E.A.?

23. Have you or any member of your family or friends been employed or worked for Baltimore City, Maryland? If so, who, when and in what capacity?

24. Does your job cause you to work with any law enforcement officer or agency?

25. With respect to questions 14-16, if answered in the affirmative, would this relationship cause you to sympathize with, give greater credibility to, or in any manner favor the defendants

because they, too, are law enforcement officers?

26.     Some of the witnesses in the case, including the defendants, are police officers. In light of this fact, I would like to ask you this question: If one of these law enforcement officers, or the defendant who is a law enforcement officer, were to say that a certain thing happened or that it happened in a certain way, and another witness who is not a law enforcement officer testified that it did not happen at all, or that it happened in a different way, would you believe the law enforcement officer simply because he was a law enforcement officer?

27.     Do you have an opinion about which is more important -- law and order -- or preserving everyone's constitutional rights? If so, what is your opinion?

28.     This is a lawsuit brought by a private citizen against members of the police department. Do you feel that citizens who believe that they have been treated illegally or unfairly have a right to bring suit against police officers?

29.     Would you require the Plaintiffs to prove their case by anything more than a preponderance of the evidence, because they are charging Defendant Jugan with a violation of their constitutional rights?

30.     If, after hearing the evidence and the instructions of the judge, you found that these police officers had violated the Plaintiffs' rights, would anything cause you to hesitate to make the defendants pay money damages to the person suing him? If so, what?

31.     If you were selected as a juror in this case, do you know of any reason why you could not sit as an impartial juror?

32.     Do you feel that it may be improper that a person should be compensated for pain or for emotional and mental distress that another person wrongfully causes him?

33. If the judge were to instruct you that such compensation were proper under the law, would you have any hesitation about making such an award if the evidence warranted it?

34. Would it be embarrassing to you or your family if you sat on the jury in this case and the jury found the defendant police officer's liable?

35. Do you belong to any veterans organizations? If so, which ones and how frequently do you attend meetings or functions?

36. Do you belong to any voluntary organizations? If so, to which groups do you belong and how frequently do you attend meetings or functions?

37. Is there any member of the panel who for any reason feels that he or she, because of some event in their lives, could not fairly try a case such as this?

38. Have any of you sat as a juror in a civil rights case before?

39. Do any of you have formal legal training? If so, do you currently practice law? For whom do you practice? What type of law does your practice or your firm's practice involve?

40. Is any member of the prospective jury panel or any member of their immediate family a stockholder in or employed by any company which, in whole or in part, is engaged in the casualty or liability insurance business?

41. Has any member of the prospective jury panel ever been a defendant in any civil suit? [Specific inquiries are requested to be made at the bench.]

42. Is there any member of the prospective jury panel who believes, for any reason, that money damages should not be awarded as compensation to persons as a result of personal injuries? [Specific inquiries are requested to be made at the bench.]

43. Has any member of the panel, or close friend, relative or member of your immediate

family, ever had an experience with the courts, lawyers or judges which you feel would make it difficult for you to be a fair and impartial juror?

44. As a juror you will take an oath to reach a fair and just verdict. Would you be able to follow that oath in this case and give the Plaintiffs a fair trial?

45. Has any member of the panel have any difficulty in making a decision on the facts of this case only, putting aside all considerations of any other police related occurrences, and treating this matter strictly as a determination of the claims between the individuals involved in this case?

46. Do you feel that there is any reason whatsoever why you might not be able to objectively, dispassionately, and impartially listen to all of the arguments in this case, with no predispositions toward either party and with a completely open mind and after render a fair verdict based upon you evaluation of all the evidence presented?

Respectfully submitted,

/s/ Troy A. Priest\_\_\_\_
Troy A. Priest, Esquire
Brown & Sheehan, LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, Maryland 21230
(410) 296-8500